UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA TREESH, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                                Case No.: 8:25-cv-729-CEH-LSG

SAFELITE FULFILLMENT, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The plaintiff Tina Treesh and opt-in plaintiff Ronald Treesh sue the defendant Safelite Fulfillment, Inc., under the Fair Labor Standards Act, 29 U.S.C. § 203, et seq., (the "FLSA") to recover unpaid wages and unpaid compensation for overtime work. Docs. 28, 29. The parties negotiated and executed a settlement agreement, which they submit for court approval. Docs. 35 at 2–6, 35-1.

When an employee sues her employer under Section 216(b) of the FLSA, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). To determine the fairness of a proposed settlement, the Court considers

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the

probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2009) (quoting *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007)). A proposed settlement warrants approval only if it is "a fair and reasonable resolution of a bona fide dispute" of the plaintiff's FLSA claim. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez v. Cabinet Coating Kings, LLC, et al.*, No: 6:23-cv-2447-GAP-LHP, 2024 WL 4906024, at *2 (M.D. Fla Nov. 12, 2024).

"When a settlement agreement includes an amount for attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Gomez*, 2024 WL 4906024, at *2 (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam)). However, if the attorney's fees are "agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonnetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Here, the amended complaint alleges that Tina Treesh earned $21.49 an hour. Doc. 28 at 3. Beginning in December 2021, the Tina Treesh "routinely" worked ten to twenty hours beyond the standard forty-hour workweek and was "not paid any wages and no overtime premium." Doc. 28 at 5, 6. The amended complaint also

2

alleges that the defendant failed to pay Tina Treesh an equal wage in comparison to similarly situated male employees in violation of the Equal Pay Act. Doc. 28 at 13–15. Ronald Treesh alleges that he worked for the defendant between March and September 2024, that the defendant failed to pay him for all of the hours that he worked, and that he worked more than forty hours a week. Doc. 29.

To resolve the plaintiffs' FLSA claims, the parties agree to a total sum of $26,000 in unpaid wages and liquidated damages. Docs. 35 at 4–5; 35-1 at 1–2. This sum includes $12,000.00 for Tina Treesh, $7,500.00 for Ronald Treesh, and $6,500.00 in attorney's fees. Doc. 35-1 at 2. During a hearing to inquire about the reasonableness of the settlement, the parties provided further information about range of possible recovery. The plaintiff estimated a total possible recovery at trial of $104,000.00, while the defendant estimated a range of up to $22,000.00. However, the parties identified several legal issues affecting the calculation of damages. The parties dispute whether Ronald and Tina Treesh were properly classified or subject to an exemption under the FLSA. The parties also disagree on the average hours worked, with the plaintiff claiming an average of seventy hours per workweek and the defendant claiming forty to fifty hours per workweek, as well as the applicable rate of any overtime pay.

All parties have counsel, and the proposed settlement results from an arm's-length negotiation over the plaintiff's employment status, pay, and hours worked. Doc. 35 at 2. The probability of success on the merits is uncertain, and each party bears significant litigation risk. *See Dees*, 706 F. Supp. 2d at 1241. The proposed

settlement also includes a broad general release discharging the defendant "any and all" the plaintiff may have against it, including the plaintiff's claim under the Equal Pay Act. Doc. 35 at 5. The Court may approve a proposed settlement that includes a general release if "consideration beyond what is due for the FLSA claims" supports the release. *Parks v. Am. Catastrophe Sol., LLC*, No: 5:23-cv-361-JA-PRL, 2024 WL 4603928, at * 2 (M.D. Fla. Sept. 5, 2024). In support of the release, the parties agree to a sum of $41,500.00, including $6,500.00 in attorney's fees for the plaintiff's counsel, separate from the plaintiff's recovery under the FLSA. Docs. 35 at 5; 35-2 at 2–3. Therefore, the general release presents no impediment to approval of the proposed settlement. *See Parks*, 2024 WL 4603928, at *2.

After a careful review of the proposed settlement, I find that the parties' negotiated terms are "a fair and reasonable resolution of a bona fide dispute" under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez*, 2024 WL 4906024, at *2. Thus, the settlement warrants approval. *See Bonnetti*, 715 F. Supp. 2d at 1228. Accordingly, I recommend granting the parties' joint motion for settlement approval, Doc. 35, approving the proposed settlement agreement, and dismissing this action with prejudice.

**REPORTED** in Tampa, Florida on the 12th day of November, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.